UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KRISTEN L. HAYES, | : | Case No.  3:20-CV-193 |
| | : | |
| Plaintiff, | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| vs. | : | |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

# DECISION AND ENTRY

Plaintiff Kristen L. Hayes brings this case challenging the Social Security Administration's denial of her applications for period of disability, Disability Insurance Benefits, and Supplemental Security Income.  The case is before the Court upon Plaintiff's Statement of Errors (Doc. #12), the Commissioner's Memorandum in Opposition (Doc. #14), Plaintiff's Reply (Doc. #15), and the administrative record (Doc. #10).

**I.     Background**

The Social Security Administration provides Disability Insurance Benefits and Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements.  *Bowen v. City of New York*, 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 423(a)(1), 1382(a).  The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Bowen*, 476 U.S. at 469-70.

In the present case, Plaintiff applied for benefits on May 23, 2018, alleging disability due to several impairments, including pain in the low back and neck, Sjogren's syndrome, thyroid problems, kidney stones, a lung condition, a heart condition with high blood pressure, and mental health problems with Post-Traumatic Stress Disorder (PTSD), a panic disorder, depression, suicidal ideation, feelings of worthlessness, and low self-esteem. (Doc. #10 at *PageID* #328). After Plaintiff's applications were denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Stuart Adkins on July 1, 2019. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful activity since July 4, 2017, the alleged onset date.

Step 2: Plaintiff has the following severe impairments: heart disease with high blood pressure, asthma, kidney stones, thyroid disease, Sjorgren's syndrome, anxiety, depression, and posttraumatic stress disorder (PTSD).

Step 3: Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of "a full range of work at all exertional levels but with the following nonexertional limitations. She should avoid concentrated exposure to extreme heat, extreme cold, humidity, dust, odors, fumes, and pulmonary irritants. [Plaintiff] is able to perform routine tasks but not at a production rate pace and without strict performance quotas. [Plaintiff] can have occasional interaction with supervisors and coworkers but no interaction with the general public. She is further limited to no jobs

---

[1] The remaining citations will identify the pertinent Disability Insurance Benefits Regulations with full knowledge of the corresponding Supplemental Security Income Regulations.

2

|  |  |
|---|---|
|  | requiring teamwork or tandem tasks. [Plaintiff] is able to tolerate occasional changes to a routine work setting defined as one to two per week." |
| Step 4: | Plaintiff is unable to perform her past relevant work as a nurse aide, waitress, title clerk, cashier, store assistant manager, or therapy assistant. |
| Step 5: | Considering her age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.[2] |

(Doc. #10-2, *PageID* #s 55-72). Based on these findings, ALJ Adkins concluded that Plaintiff has not been under a benefits-qualifying disability since July 4, 2017, the alleged onset date. *Id.* at 72.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10, *PageID* #s 55-72), Plaintiff's Statement of Errors (Doc. #12), and the Commissioner's Memorandum in Opposition (Doc. #14). To the extent that additional facts are relevant, they will be summarized in the discussion section below.

## II.  Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v.*

---

[2] The ALJ relied on the VE's testimony to find that Plaintiff would be able to perform the requirements of representative medium, unskilled occupations such as a store laborer (180,000 jobs in the national economy), a washer (85,000 jobs in the national economy); and a hand packager (160,000 jobs in the national economy). (Doc. #10, PageID#s 72, 106-107).

3

*Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives [Plaintiff] of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

### III.   Discussion

Plaintiff asserts that the ALJ's residual functional capacity (RFC) determination was not substantially supported by the record. (Docs. #12 and 15). Specifically, Plaintiff argues that ALJ Adkins erred in evaluating the medical source opinions from her treating physicians and the state agency psychologists, thus resulting in an inaccurate RFC at step five of the sequential process. (Doc. #12, *PageID* #s 1064-68). Plaintiff also argues that the ALJ erred in evaluating her symptom severity by rejecting her complaints because she frequently missed her mental health appointments and by attempting to equate Plaintiff's ability to participate in some activities of daily living with an ability to sustain competitive employment. *Id.* at 1068-70. In contrast, the Commissioner maintains that the ALJ properly weighed the medical source opinions, reasonably considered that the objective evidence did not support Plaintiff's allegation that she was totally

disabled, and that substantial evidence supports the ALJ's decision. (Doc. #14, *PageID* #s 1081-1104).

### A.     Residual Functional Capacity

An individual's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).  While medical source opinions are considered, the final responsibility for deciding the RFC is reserved to the Commissioner.  *See* 20 C.F.R. § 404.1527(d); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("The Social Security Act instructs that the ALJ—not a physician—ultimately determines a claimant's RFC.").  As such, the ALJ bears the responsibility for assessing an individual's RFC based on all the relevant evidence, 20 C.F.R. § 404.1546(c), and must consider all of an individual's medically determinable impairments, both individually and in combination.  *See* Soc. Sec. R. 96–8p, 1996 WL 374184, *7 (Soc. Sec. Admin. July 2, 1996).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered.  *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004).  However, the ALJ still has an obligation to consider all of the evidence before him and to meaningfully explain how the evidence supports each conclusion and limitation included in the RFC.  *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts … and nonmedical evidence…").

Further, the ALJ may not simply ignore evidence that does not support his decision. *See e.g., Germany–Johnson v. Comm'r of Soc. Sec.*, 313 F. App'x 771, 777 (6th Cir. 2008) (finding error where the ALJ was "selective in parsing the various medical reports"); *Ackles v. Colvin*, No. 3:14CV00249, 2015 WL 1757474, at *6 (S.D. Ohio Apr. 17, 2015) (Ovington, M.J.), *report and recommendation adopted*, No. 3:14CV00249, 2015 WL 2142396 (S.D. Ohio May 6, 2015) (Rice, D.J.) ("The ALJ did not mention this objective evidence and erred by selectively including only the portions of the medical evidence that placed Plaintiff in a capable light.").

In formulating Plaintiff's RFC, ALJ Adkins considered the medical opinion evidence of record and found the opinions of the state agency consulting psychologists, Dr. Mary Hill and Dr. Bonnie Katz, to be the most persuasive opinions on Plaintiff's mental impairments. (Doc. #10-2, *PageID* #s 68-69). Dr. Hill, who reviewed Plaintiff's claim at the initial level, opined that Plaintiff's depressive and anxiety disorders cause her to have a marked limitation in her ability to interact with others. (Doc. #10-3, *PageID* # 123-124). She also indicated that Plaintiff is markedly limited in her ability to interact appropriately with the general public but that she is moderately limited in her abilities to accept instructions, respond appropriately to criticism from supervisors, and get along with coworker or peers without distracting them or exhibiting behavior extremes. (Doc. #10-3, *PageID* #s 123-124). Dr. Hill further stated that Plaintiff would not be able to work collaboratively with others or perform customer service duties. *Id*. at 124. Finally, she indicated that Plaintiff's interactions with others "need to be on a superficial level." *Id*. On reconsideration, Dr. Katz adopted the exact same social functional limitations as Dr. Hill, except she found that Plaintiff was only moderately limited in her overall ability to interact with others. *Id*. at 155-59.

In reviewing these opinions, ALJ Adkins found both state consulting psychologists to be "mostly persuasive," but found Dr. Katz's opinion that Plaintiff had a "moderate" limitation to be "a more appropriate description of [Plaintiff's] social limitations" than the "marked" limitation endorsed by Dr. Hill. (Doc. #10-2, *PageID* #s 68-69). Despite this endorsement, ALJ Adkins failed to incorporate a key aspect of both these opinions, specifically, that Plaintiff's interactions with others "need to be on a superficial level." (Doc. #10-3, *PageID* #s 124, 158). Instead, ALJ Adkins formulated an RFC that found Plaintiff to be capable of "occasional interaction with supervisors and coworkers but no interaction with the general public." (Doc. #10-2, *PageID* #58). In other words, ALJ Adkins restricted Plaintiff to "occasional" interactions with supervisors and coworkers but omitted the specific recommendation that Plaintiff's interactions be "superficial." Acknowledging that he "amended the wording of some limitations," ALJ Adkins nonetheless maintained that the functional limitations set forth by Drs. Hill and Katz were "adopted in spirit." *Id*. at 69.

On appeal, the Commissioner attempts to further justify the ALJ's RFC formulation by alleging that there is no definition for the term "superficial" and that ALJ Adkins satisfied his duty to "resolve ambiguities in the evidence" by opting to use the more "vocationally relevant language" of "occasional interaction" instead of the "superficial interaction" limitation recommended by Drs. Hill and Katz. (*See* Doc. #14, *PageID* #s 1092-94).

What the Commissioner fails to recognize, however, is that the work-related limitation of "superficial interaction" recommended by Drs. Hill and Katz is a well-recognized and distinct limitation from the "occasional interaction" limitation incorporated in Plaintiff's RFC. Indeed,

courts have routinely recognized the distinction between limiting the *quantity* of time spent with an individual with the limitation relating to the *quality* of the interactions—including a limitation to "superficial" interaction. *See*, *e.g., Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) (Vascura, M.J.) ("[R]eversal is warranted because the ALJ assigned significant weight to [the medical] opinions, but failed to include limitations for 'superficial' interactions."); *Lindsey v. Comm'r of Soc. Sec.*, No. 2:18-CV-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (Vascura, M.J.), *report and recommendation adopted*, No. 2:18-CV-018, 2019 WL 133177 (S.D. Ohio Jan. 8, 2019) (Sargus, D.J.) ("'Occasional contact' goes to the *quantity* of time spent with [ ] individuals, whereas 'superficial contact' goes to the *quality* of the interactions." (emphasis added)) (quoting *Hurley v. Berryhill*, No. 1:17-cv-421-TLS, 2018 WL 4214523, at *4 (N.D. Ind. Sept. 5, 2018)).

Furthermore, if ALJ Adkins had believed that the term "superficial" was truly ambiguous, he could have requested that Drs. Hill and Katz provide supplemental information on the types of interactions they found the term to encompass instead of simply writing the limitation out of the RFC without any explanation.  Contrary to the Commissioner's contentions, ALJ Adkins did not attempt to resolve the ambiguities in the evidence.  Instead, he simply ignored the medically-endorsed limitation that Plaintiff be limited to superficial interactions under the guise that he accommodated the "spirit" of these opinions by limiting her to occasional interactions with supervisors and coworkers.  This decision is unavailing and necessitates remand.  *See Hurley*, 2018 WL 4214523, at *4 (holding that "occasional" and "superficial" are not interchangeable terms and finding that the ALJ erred in making no attempt to explain the basis of his decision to limit the

plaintiff to occasional rather than superficial interactions) (internal citation omitted). While an ALJ is under no obligation to mirror a medical opinion verbatim, he does have an obligation to "meaningfully explain why certain limitations are not included in the RFC determination, especially when such limitations are set forth in opinions the ALJ weighs favorably." *Ryan*, 307 F. Supp. 3d at 803; *see also*, *Queen v. Comm'r of Soc. Sec.*, No. 2:16-cv-1082, 2017 WL 6523296, at *9–10 (S.D. Ohio Dec. 21, 2017) (Preston Deavers, M.J.) (remanding where the ALJ "failed to include at least one limitation" from an opinion he had assigned great weight without explaining the omission). Furthermore, by failing to explain why certain limitations were not incorporated into the RFC, an ALJ prevents the reviewing court from conducting a meaningful review to determine whether substantial evidence supports his decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" (quoting 5 U.S.C. § 557(c)(3)(A))); *Allen v. Astrue*, No. 5:11-cv-95, 2012 WL 1142480, at *8 (N.D. Ohio April 4, 2012) (remanding where "the ALJ failed to properly articulate the RFC calculation," explaining that the court was "unable to trace the path of the ALJ's reasoning").

In short, remand is warranted in this case because ALJ Adkins found the opinions of Drs. Hill and Katz to be mostly persuasive but failed to include the limitation for "superficial interactions." Moreover, the ALJ failed to offer an adequate explanation for why he declined to include this limitation.

9

Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[3]

### B.     Remand

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

---

[3] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ is directed to evaluate the evidence of record, including the medical source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her applications for Disability Insurance Benefits and Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. The Commissioner's non-disability finding is vacated;

2. No finding is made as to whether Plaintiff, Kristen Hayes was under a "disability" within the meaning of the Social Security Act;

3. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

4. The case is terminated on the Court's docket.

November 8, 2021                                *s/Peter B. Silvain, Jr.*
                                                                     Peter B. Silvain, Jr.
                                                                     United States Magistrate Judge